IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT ANDREW WELCH,

     Plaintiff,

    v.

SGT. OWENS *et al.*,

     Defendants.

1:26CV383

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. Because of serious flaws in the Complaint, it cannot be further processed.

First, the plaintiff does not name proper defendants or sufficiently describe the actions of the defendants named. He names four officers employed at Piedmont Correctional Institution—Owns, Osborne, Mann, and Tims—in § I(B) of the Complaint. He also checked a box in § II(A) of the Complaint indicating that he is suing federal officials. If so, the Complaint does not make clear which federal officials he seeks to name as defendants; he must name the federal officers he seeks to sue.

Second, the plaintiff also checked boxes stating that he seeks to sue the officers named in their official capacities only, but not in their individual

capacities. A suit against state officials in their official capacity is a suit against the State or the official's agency. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Although a state official can be named in his or her official capacity, the Eleventh Amendment to the United States Constitution limits any relief to a prospective injunction to remedy an ongoing violation of federal law. *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010). The present Complaint seeks no such relief, but requests only damages. Therefore, the plaintiff does not request any available relief from the defendants whom he lists in their official capacities.

Finally, the Complaint and attached pages mention multiple correctional officers, some of whom are named as defendants and others who are not. If the plaintiff intends to name any of the other officers as defendants, he must make this clear. Also, the Complaint barely mentions some of the named defendants so it is not clear how he is alleging that all of the four named defendants violated his rights. The plaintiff must set out exactly what each named defendant did or did not do that allegedly violated his rights so that the Court and any defendants can understand his claims.

Consequently, the Court should dismiss the Complaint, but without prejudice to the plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid the plaintiff, the Clerk is instructed to send the plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

2

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send the plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be dismissed *sua sponte* without prejudice to the plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 5th day of May, 2026.

JoAnna Gibson McFadden
United States Magistrate Judge

3